NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 05-CV-208-HRW

NORBERT STEVEN WILCOX                                        PLAINTIFF

## MEMORANDUM OPINION AND ORDER

RALPH SMITH, ET AL.                                         DEFENDANTS

This matter is currently before the Court for consideration.  On October 18, 2005, the

plaintiff, Norbert Steven Wilcox, who is currently confined in the Eastern Kentucky Correctional

Complex ("EKCC") in West Liberty, Kentucky, filed a *pro se* complaint under 42 U.S.C. §1983 in

the Western District of Kentucky, being *Wilcox v. Smith*, 3:05-CV-P688-H (Hon. John G. Heyburn,

presiding).  The plaintiff named the following defendants:  (1) Ralph Smith, a correctional officer

at the EKCC; (2) William Manning, a correctional officer at the EKCC; and (3) Jimmy Hill, a

correctional officer at the EKCC.[1]

On October 25, 2005, Judge Heyburn entered an order transferring the §1983 complaint to

this Court.  The Transfer Order was docketed in this case on October 31, 2005 [Record 3].

As the plaintiff did not either pay the $250.00 filing fee or submit documentation to proceed

*in forma pauperis* in either the Western District or Eastern District, this Court entered a "Deficiency

---

[1]

The plaintiff did not identify Jimmy Hill as a defendant in his initial complaint [Record No. 1].  In his letter
submission filed herein on November 21, 2005 [Record No. 7], the plaintiff for the first time asserted claims against
Hill, as well as reiterating his claims against Smith and Manning.

1

Order" on November 8, 2005 [Record No. 6]. In the "Deficiency Order," the Court advised the plaintiff that he needed to provide the Court with the following: (1) an affidavit of assets/*in forma pauperis* application; (2) a "Certificate of Inmate Account" for the six-month period preceding the filing of the petition; (3) Allegations that he had exhausted his administrative remedies; and (4) a signed complaint form.[2]

The Court clearly advised and informed the plaintiff in the "Deficiency Order" that if he failed either to pay the $250.00 filing fee or to submit the required financial information within thirty days, the Court would presume that he is not a pauper and dismiss the complaint for want of prosecution. The "Deficiency Order" also stated that if the Court dismissed the petition on these grounds, it would not be reinstated to this Court's active docket despite the subsequent payment of filing fee [*See* Record No. 6].

The record reflects that on November 8, 2005, the Clerk of this Court mailed a copy of the "Deficiency Order" to the plaintiff at his listed and last known address: "Norbert Steven Wilcox, #163891, Eastern Kentucky Correctional Complex, 200 Road to Justice, West Liberty, Kentucky" [*See* Record No. 6; (Attachment: Clerk's Notation)].

There is no indication in the record that the copy of the "Deficiency Order," which the Clerk of the Court mailed to the petitioner at his last known address on November 8, 2005, at the EKCC, was returned to the Court through the mail as "Undeliverable" for any reason. The plaintiff has not responded to the "Deficiency Order," and his time for compliance with the "Deficiency Order" has expired. This record does not reflect that the plaintiff has requested an extension of time in which to respond to the "Deficiency Order."

---

[2] The Clerk of the Court attached the necessary forms to the "Deficiency Order."

The lenient treatment generally accorded to *pro se* litigants has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (dismissal of *pro se* complaint was appropriate where plaintiff failed to respond to defendants' Rule 12(c) motion *when ordered to do so by magistrate judge*) (emphasis added); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (a *pro se* litigant is not afforded special consideration for failure to follow readily comprehended court orders). The Court determines that the plaintiff bears some responsibility in pursuing his claims in timely fashion, but that he has not diligently advanced his claims despite opportunities from the Court to do so. The Court construes the plaintiff's failure to respond to the "Deficiency Order" as an abandonment of his claims. The Court determines that this proceeding should be dismissed for want of prosecution, the plaintiff having failed to comply with the "Deficiency Order."

## CONCLUSION

Accordingly, **IT IS ORDERED** that this action is **DISMISSED**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.

This the ___3___ day of January, 2006.

HENRY R. WILHOIT, JR.
SENIOR U. S. DISTRICT JUDGE

3